IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PITLOR, | |
| Plaintiff, | 8:18CV196 |
| vs. | |
| CHARLES SCHWAB CORPORATION, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Defendant's Motion to Substitute and Compel Arbitration, ([Filing No. 10](#)), Plaintiff's Motion to Strike, ([Filing No. 18](#)), and Motion for Sanctions. ([Filing No. 22](#)). For the reasons stated below, Plaintiff's motion to strike and motion for sanctions will be denied, and Defendant's motion to compel arbitration and motion to substitute will be granted.

BACKGROUND

Plaintiff Pitlor opened a brokerage account with Defendant ("Schwab") in February of 2018. ([Filing No. 1 at CM/ECF p. 6](#)). Pitlor completed a Schwab One Account Application ("Application Agreement") to open the account and agreed to be bound by the Schwab One Account Agreement ("Account Agreement"). ([Filing No. 12-1](#)). The Account Agreement and Application Agreement between Pitlor and Schwab contain an identical arbitration clause which provides, in relevant part:

> Any controversy or claim arising out of or relating to (i) this Agreement, any other agreement with Schwab, an instruction or authorization provided by Schwab or the breach of any such agreements, instructions, or authorizations; (ii) the Account, any other Schwab account or Services; (iii) transactions in the Account or any other Schwab account; (iv) or in any way arising from the relationship with Schwab, its parent, subsidiaries, affiliates, officers, directors, employees, agents or service providers ("Related Third Parties"),

including any controversy over the arbitrability of a dispute, will be settled by arbitration. . . . Such arbitration will be conducted by, and according to the securities arbitration rules and regulations then in effect of, the Financial Industry Regulatory Authority (FINRA) or any national securities exchange that provides a forum for the arbitration of disputes, provided that Schwab is a member of such national securities exchange at the time the arbitration is initiated. Any party may initiate arbitration by filing a written claim with FINRA or such eligible national securities exchange.

(Filing No. 12-2 at CM/ECF pp. 12–13.; Filing No. 12-3 at CM/ECF p. 58). Under the Account Agreement, the parties further agreed to "giv[e] up [the] right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed." (Filing No. 12-3 at CM/ECF p. 57). Finally, the Account Agreement stated that the "arbitration agreement . . . [would] survive the closure of [the] Account and/or the termination of services rendered under this Agreement." (Id. at CM/ECF p. 58)

Disagreements soon arose concerning Pitlor's account funds and the transactions Pitlor made using his account. On April 25, 2018, Schwab terminated Pitlor's account because he was allegedly abusive toward Schwab employees.

Pitlor filed his complaint against Defendant on May 1, 2018 and has subsequently supplemented and amended his complaint. (Filing Nos. 1 & 6). Pitlor's 60-page pro se Amended Complaint alleges numerous claims including breach of contract, defalcation, fraudulent misrepresentation/concealment, negligent misrepresentations, and privacy/data breach. (Filing No. 6).

ANALYSIS

Defendant Schwab's Motion to Substitute the Defendant

Defendant states that Charles Schwab Corporation has been incorrectly named as defendant in this matter and this court should substitute Charles Schwab & Co., Inc. as the proper defendant. ([Filing No. 10](Filing No. 10)). Plaintiff opposes Defendant's motion, arguing that Charles Schwab & Co., Inc. may be added, but not substituted, as a defendant to the above captioned case.

Based on the information of record, Charles Schwab & Co., Inc. is a registered broker-dealer and provides brokerage services to clients. Charles Schwab Corporation is not a registered broker-dealer and does not engage in the brokerage business. Plaintiff's accounts were all held with Charles Schwab & Co. Inc. The undersigned magistrate judge finds that Charles Schwab & Co., Inc. is the proper Defendant for Plaintiff's claims and will grant the motion to substitute.[1]

Plaintiff Pitlor's Motion to Strike Defendant's Brief in Support

Pitlor moves to strike Schwab's brief filed in support of its motion to substitute and to compel arbitration. ([Filing No. 18](Filing No. 18)). Pitlor essentially argues Defendant's brief should be stricken because it does not address the claims within his complaint and because it is an attempt to cause delay and "impede justice." However, not every motion or brief has to address the validity of claims and Pitlor fails to show that Schwab's brief causes him any prejudicial harm. Moreover,

---

[1] Although Plaintiff opposes the Motion to Substitute, absent the substitution, Plaintiff's complaint was vulnerable to dismissal for failing to state a claim against the currently named defendant.

Plaintiff's motion to strike would create further case delays. The motion to strike will be denied.

Defendant's Motion to Compel Arbitration

Arbitration is favored. This court's role is to engage in a limited inquiry to "determine whether there is a valid agreement to arbitrate and whether the specific dispute at issue falls within the substantive scope of that agreement." Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001). If the court so finds, Section 3 of the FAA requires a stay of proceedings subject to an arbitration agreement, and Section 4 empowers the court to compel the parties to proceed with arbitration. 9 U.S.C. §§ 3, 4. "The party resisting arbitration bears the burden of demonstrating the motion to compel arbitration should be denied." Green Tree Financial Corp. -Alabama v. Randolph, 531 U.S. 79, 91 (2000).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." AT & T Technologies v. Communications Workers of Am., 475 U.S. 643, 648 (1986); Volt Information Sciences v. Board of Trustees, 489 U.S. 468, 479 (1989) (stating Arbitration is "a matter of consent, not coercion." Accordingly, if a party has not "agreed to arbitrate, the courts have no authority to mandate that they do so."); see also Churchill Environmental and Indus. Equity Partners, L.P. v Ernst & Young, L.L.P., 643 N.W.2d 333, 336 (Minn. Ct. App. 2002) (citing AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, 242 F.3d 780, 782 (8th Cir. 2001)). When deciding whether to compel arbitration, a two-part test is applied. USW, AFL-CIO-CLC v. Duluth Clinic, Ltd., 413 F.3d 786, 788 (8th Cir. 2005). The court must first decide whether a valid agreement to arbitrate exists. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). If so, the court must then determine if the

parties' dispute falls within the scope of the arbitration agreement. AT & T Technologies, 475 U.S. at 649. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." USW, 413 F.3d at 788 (citing United Steelworkers of Am. V. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–83 (1960)).

Pitlor does not dispute that the parties entered into valid contracts which contained arbitration provisions. (Filing No. 16 at CM/ECF p. 5). Instead, Pitlor argues that the contract and arbitration provision were unconscionable.

The Account Agreement between the parties contains a choice-of-law provision requiring that the law of California be applied to disputes between Schwab and Pitlor. Under California law, the court must first make a finding of both procedural and substantive unconscionability before the court can deem an arbitration provision unenforceable. Armendariz v. Foundation Health Psychcare Services, Inc., 6 P.3d 669, 678 (Ca 2000) *abrogated on other grounds* by AT&T Mobility LLC v. Conception, 563 U.S. 333, 340 (2011). Pitlor's unconscionability argument is brief and conclusory: it is not supported by the facts or any citations to applicable law. Accordingly, Pitlor fails to carry his burden and demonstrate that arbitration is improper due to unconscionability.

Pitlor also argues that Schwab can no longer enforce the arbitration provision because through its actions, Schwab has repudiated and effectively abandoned the contract. (Filing No. 16 at CM/ECF p. 5). But "'[a]rbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract . . . even total breach.'" Carpenters Fringe Benefit Funds of Illinois v. McKenzie Eng'g, 217 F.3d 578, 586 (8th Cir. 2000) (quoting Drake

Bakeries, Inc. v. Local 50, American Bakery & Confectionery Workers Int'l, 370 U.S. 254, 262 & n.9 (1962)); see also 6 C.J.S. *Arbitration* § 17 (2018) ("[A] breach of the underlying agreement is not a repudiation of its arbitration provision."). That is, even if this court were to find that Scwab had repudiated the Application and Accounting Agreements, both of which contain the arbitration clause, the arbitration clause would still be enforceable. Further, the agreement stated the "arbitration agreement . . . [would] survive the closure of [the] Account and/or the termination of services rendered under this Agreement." (Filing No. 12-3 at CM/ECF p. 58).

Examining the scope of the arbitration provision, the undersigned finds that the claims at issue in this matter are within the scope of the parties' broad agreement to arbitrate as they ""aris[e] out of" and "relat[e] to" the Account Agreement, transactions in Plaintiff's Schwab account, and Plaintiff's relationship with Schwab. (Filing No. 12-3 at CM/ECF p. 58).

The parties entered into an enforceable arbitration agreement, and Plaintiff's claims are within the scope of that agreement. As such, this matter must be submitted to arbitration.

<u>Plaintiff's Motion for Sanctions</u>

Plaintiff moves for sanctions, arguing 1) the underlying merits of his claims support an award for sanctions, 2) Defendant's motions to substitute and motion to compel arbitration lack merit, and 3) Defendant is obligated to retain all records potentially relevant to this case. (Filing No. 22). Sanctions are not an available remedy for the underlying claims alleged in Plaintiff's complaint, and even assuming they were, that remedy must be decided by the arbitrator and not the

court. While sanctions may be awarded for client and attorney misconduct in preparing and progressing a case to trial, other than a conclusory statement, Plaintiff has not shown that any records relevant to this case were destroyed by Defendant, and Defendant's pending motions to substitute and to compel arbitration are not frivolous filings. To the contrary, the court finds these motions must be granted.

Plaintiff's motion for sanctions must be denied.

IT IS ORDERED:

1) Defendant's Motion to Substitute, ([Filing No. 10](Filing No. 10)), is granted as follows:
    a. The named defendant is now Charles Schwab & Co., Inc.;
    b. The caption on all docket filings hereafter shall reflect this substitution of parties; and
    c. The clerk shall correct the court's docket accordingly.

2) Plaintiff's Motion to Strike, ([Filing No. 18](Filing No. 18)), is denied.

3) Defendant's Motion to Compel Arbitration, ([Filing No. 10](Filing No. 10)), is granted, and
    a. The parties are ordered to proceed to arbitration;
    b. This case is stayed in this forum pending arbitration;
    c. Beginning on September 12, 2018, and every 90 days thereafter, the parties shall file a joint status report regarding the progress of the arbitration proceedings;
    d. The Clerk of the United States District Court for the District of Nebraska shall close this case for statistical purposes;

  e. The Clerk shall set an initial Status Report Deadline of September 12, 2018.

4) Plaintiff's Motion for a Preliminary Injunction, ([Filing No. 7](#)), Motion for Leave to Amend, ([Filing No. 8](#)), and Motion seeking Immediate Injunctive Relief, ([Filing No. 9](#)), are denied without prejudice to re-asserting in the arbitration forum.

5) Plaintiff's Motion for Sanctions, ([Filing No. 22](#)), is denied.

Dated this 13th day of June, 2018.

           BY THE COURT:

           *s/ Cheryl R. Zwart*
           United States Magistrate Judge